**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**WILLIAM L. TALBOTT, JR.,
and PAMELA TALBOTT,**

            Plaintiffs,

**v.**

                                        **CIVIL ACTION NO.: 3:15-CV-105
(GROH)**

**DAVID L. BOLING, et al.,**

            Defendants.

## ORDER GRANTING MOTIONS [ECF Nos. 37, 38 & 40]

## I.    INTRODUCTION

On April 21, 2016, the undersigned resumed the evidentiary hearing on Defendants' Motions to Compel IMEs [ECF Nos. 37 & 38] that had commenced on April 18, 2016. Additionally, the Court has noticed Defendants' Motion to Extend Time [ECF No. 40] to be heard on this date. Megan B. Davis, Esq. appeared by telephone on behalf of Defendants and Douglas A. Spencer, Esq. appeared by telephone on behalf of Plaintiffs. On April 21, 2016, Defendants filed Additional Evidence [ECF No. 51], detailing the scope of the independent medical examinations ("IMEs") requested in their Motions. Those documents are considered as part of the evidence in this case and no other evidence was added to the record. Therefore, the Court closed the evidentiary portion of the hearing. The parties presented further oral argument.

## II.    BACKGROUND

This case arises out of "a July 3, 2013[,] tractor trailer collision between Plaintiff William L. Talbott, Jr.[,] and Defendant David L. Boling, who is now deceased." Notice of

Removal at 2, ECF No. 1. Plaintiff alleges that Mr. Boling, who was operating a tractor trailer, "rear ended his [vehicle] as a result of following too closely as they traveled southbound on I-81 near Martinsburg, West Virginia." Id. Plaintiff requests damages for, *inter alia*, medical bills, loss of past and future wages, future medical care and past and future pain and suffering. Id. at 4-5.

## III.  DISCUSSION

### A.  Contentions of the Parties

Defendants seek an order compelling Plaintiffs to submit to two IMEs under Federal Rule of Civil Procedure 35: (1) a medical examination conducted by Neurologist David Buchholz, M.D. and (2) a vocational examination conducted by H. Gray Broughton, CRC, CCM. Defendants assert that Plaintiff's physical condition and his future employability are both at issue such that good cause exists to compel the IMEs under Rule 35. Plaintiffs oppose the examinations because they contend Defendants have not shown that good cause for the examinations exists.[1] Defendants also request that the Court extend the deadlines for the parties to conduct IMEs and to disclose Defendants' expert witnesses.

### B.  Analysis of Defendants' Motions

#### 1.  Defendants' Motion to Compel Mr. Talbott to Attend an IME in Lutherville, Maryland [ECF No. 37]

Pursuant to Rule 35, when a party's mental or physical condition is in controversy, the court may order that party to submit to a physical or mental examination by a suitably

---

[1] Plaintiffs also object on the grounds that the IMEs are untimely and that Dr. Buchholz is biased. Resp., ECF No. 46. These objections are without merit. The IMEs could have been conducted in a timely manner if Plaintiffs had not opposed them. Additionally, bias is an issue Plaintiffs may address through cross-examination.

licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). The order may be made on motion and for good cause. Fed. R. Civ. P. 35(a)(2)(A). "The law is well-settled that the 'in controversy' and 'good cause' requirements of the Rule are not mere formalities; rather, they must be met with 'an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.'" Pauley v. United States, 2013 WL 6195730 (S.D. W. Va. Nov. 27, 2013) (quoting Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964)). However, in some situations, the pleadings alone are enough to meet these requirements. Id. at 119. For example, in a negligence action where the plaintiff asserts a mental or physical injury, "that mental or physical injury [is] clearly in controversy and [provides] the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id.

In the present case, Mr. Talbott's medical condition and future employability are clearly in controversy because Plaintiffs have alleged that Mr. Talbott suffered a "mild traumatic brain injury." Resp., ECF No. 46. Thus, the nature, extent, cause and permanency of Mr. Talbott's injuries are squarely at issue such that good cause for the examinations exists.

Plaintiffs have requested that, if the Court grants the Motion for an IME with Dr. Buchholz, they be allowed to record the IME. Courts have generally denied these requests. See, e.g. Abdulwali v. Washington Metro Area Transit Auth., 193 F.R.D. 10, 14 (D.D.C. 2000) (denying the plaintiff's request to record a psychiatric examination because "the presence . . . of camera/video equipment or of recording devices is inimical to the

success of such an examination because it/they distort psychological openness and spontaneity [and] may invalidate the examination findings and an inference that may be drawn therefrom").

Therefore, the Court finds that Defendants have adequately informed Plaintiffs of the scope of the IME and that, given the nature of Plaintiffs injury claims, the IME by Dr. Buchholz is within the scope provided for in Rule 35(a). Further, Plaintiffs' request to record the IME is denied.

### 2. Defendant's Motion to Compel Mr. Talbott to Submit to a Rule 35 Examination by Defendants' Vocational Expert [ECF No. 38]

Some Federal District Courts have ruled that a vocational examination is not within the scope of the language of Rule 35. See, e.g., Storms v. Lowe's Home Centers, Inc., 211 F.R.D. 296, 298 (W.D. Va. 2002) (stating that "[t]he undersigned is of the view that where a party seeks a mere vocational assessment not connected with any physical or mental examination, as is the case here, Rule 35 is not implicated"). Others have ruled that it is. See, e.g., Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D. Pa. 1999) (stating that "the requested [vocational] examination is permitted under Rule 35"). In this district, Magistrate Judge James E. Seibert has ruled that vocational examinations may be conducted pursuant to Rule 35. Long v. M&M Transp., LLC, No. 3:13-CV-65, 2014 WL 235517, at *4 (N.D. W. Va. Jan. 22, 2014) (rejecting Plaintiff's argument that vocation examinations are not allowed under Rule 35). Therefore, the Court is left only to determine whether "in controversy" and "good cause" exist.

In this case, Plaintiffs have clearly brought "in controversy" Mr. Talbott's loss of future wages, loss of earning capacity, etc. Therefore, the only issue before this court is

whether there is "good cause" for the vocational examination. In <u>Schlagenhauf v. Holder</u>, 379 U.S. 104 (1964), the United States Supreme Court explained that:

> [Good case r]equire[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

<u>Schlagenhauf</u>, 379 U.S. at 118.

Some Federal District Courts have ruled that, where there is access to ample medical evidence relating the condition of the plaintiff, there is not "good cause" for a vocational examination under Rule 35. <u>Shumaker v. West</u>, 196 F.R.D. 454 (S.D. W. Va. 2000). Some of the factors courts have taken into consideration for vocational examinations are: access to the medical records, opportunity to depose the plaintiff and whether the results of tests performed by Plaintiffs' vocational expert were disclosed. <u>Id.</u>

In this case, Defendants' Vocational Expert, Mr. Broughton, has received information needed to allow him to perform his evaluation. However, Mr. Broughton is requesting an interview to confirm the accuracy of the information he already possesses. Further, Mr. Broughton has stated that he must "observe the person being assessed as to how they answer questions, how they present themselves," etc. Defs.' Ex. B-1 at 2, ECF No. 51-2. In addition, Mr. Talbott has not been deposed at this time. Although most, if not all, of the information needed to perform the evaluation is available, the Court finds good cause to allow the interview. Since this is primarily an interview for purposes of observation and confirmation, the Court is going to allow Plaintiff to participate by video conference if he so chooses. Accordingly, the Court finds good cause for Defendants'

request for a vocational examination, in which Mr. Talbott may participate in person or through a video conference. Defendants will be responsible for Plaintiffs' reasonable expenses related to the vocational examination.

### 3. Defendant's Motion to Extend Time for Them to Conduct Rule 35 Examinations and to Disclose Expert Witnesses [ECF No. 40]

After Plaintiffs disclosed their expert witnesses, Defendants attempted to conduct their IMEs prior to the scheduling deadline. Because Defendants were forced to file these Motions to Compel, those scheduling deadlines cannot be met.

The Court finds that good cause has been shown for an extension of the deadlines in this case and orders the parties to submit a proposed modified scheduling order within seven (7) days.

## IV.  CONCLUSION

For the reasons herein stated, the undersigned finds that the Defendants have adequately informed Plaintiffs of the scope of the IMEs requested and that, given the nature of Plaintiffs injury claims, the IME by Neurologist, Dr. Buchholz, and Vocational Expert, Mr. Broughton, are within the scope provided for in Rule 35(a). Additionally, the undersigned finds good cause exists to extend the deadlines for the parties to conduct IMEs and to disclose Defendants' expert witnesses. Accordingly, it is

**ORDERED** that Defendants' Motion to Compel Mr. Talbott to Attend an IME by Neurologist Dr. Buchholz [ECF No. 37 ] is **GRANTED**. Further, Plaintiffs' request to videotape, audiotape or otherwise record the IME is **DENIED**. Defendants will pay all of Plaintiffs' reasonable expenses related to the IME. By stipulation of the parties, this IME will occur on April 28, 2016. It is further,

**ORDERED** that Defendants' Motion to Compel Mr. Talbott to Submit to an IME by Vocational Expert Mr. Broughton [ECF No. 38] is **GRANTED**. For this IME, it is further **ORDERED** that Mr. Talbott may choose whether to undergo this examination at Mr. Broughton's office or by video conference. If Mr. Talbott chooses to undergo the examination by video conference, no other person may be present with Mr. Talbott while the examination is underway and no party may videotape, audiotape or otherwise record or view the examination in any manner. Defendants will pay all of Plaintiffs' reasonable expenses related to the examination. By stipulation of the parties, this examination should occur on or before May 2, 2016. It is further,

**ORDERED** that Defendants' Motion to Extend Time [ECF No. 40] is **GRANTED**. The parties shall submit a joint proposed modified scheduling order within seven (7) days of the date of this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** April 22, 2016

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE